IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS KENARD JOE, #1047716,<br>          PLAINTIFF,<br><br>v.<br><br>ERIC JOHNSON, ET AL.,<br>          DEFENDANTS. | §<br>§<br>§<br>§    CIVIL CASE NO. 3:20-CV-3309-E-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Demarcus Kenard Joe, a state prisoner, filed this *pro se* civil rights and mandamus complaint against Dallas Mayor Eric Johnson, Texas Governor Greg Abbott, and the Allred Unit Warden. Doc. 2 at 3-4, 6. Joe neither paid the filing fee nor sought leave to proceed *in forma pauperis*. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad

claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)). Section 1915(g) also precludes prisoners from proceeding *in forma pauperis* in mandamus actions stemming from civil rights claims. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (holing that were the underlying action is civil in nature, a mandamus action is governed by the PLRA and the three-strike provision).

Joe has accrued three strikes under Section 1915(g). Before this lawsuit was filed, the Court dismissed as frivolous under 28 U.S.C. § 1915(e) at least three non-habeas, civil actions that Joe filed while confined as an inmate. *See Joe v. Davis*, No. 3:16-CV-2963-K (N.D. Tex. 2017) (dismissed for failure to state a claim); *Joe v. State of Texas*, No. 3:18-CV-009-G (N.D. Tex. 2018) (dismissed as frivolous and for failure to state a claim); *Joe v. Richardson*, No. 3:18-CV-1366-N (N.D. Tex. 2018) (dismissed as malicious). The Court also has dismissed a number of subsequent lawsuits filed by Joe, holding that he is barred from filing civil lawsuits by the PLRA three-strikes provision. *See Joe v. White*, No. 7:19-CV-092-M (N.D. Tex. 2019); *Joe v. Pitre*, No. 3:19-CV-2724-G (N.D. Tex. 2019); *Joe v. Hegar*, No. 3:20-CV-718-L (N.D. Tex. 2020); *Joe v. Lozada*, No. 7:20-CV-078-O (N.D. Tex. 2020); *Joe v. Denton*, No. 7:20-CV-086-O (N.D. Tex. 2020); *Joe v. Secretary*, 7:20-CV-00133-O (N.D. Tex. 2020).

Having accumulated three "strikes," section 1915(g) precludes Joe from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). As in his previous cases, Joe's allegations in this are difficult to decipher. He appears to seek a "federal mandamus" because he has been denied notice of the funds being taken out of his inmate account to pay the filing fees owed in Case No. 3:18-CV-009-G (he also

mentions "Stage 4 cancer" and "bribery").  Doc. 2 at 4, 6.  However, even when liberally construed, Joe's complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Doc. 2 at 4.  Joe is thus barred from proceeding *in forma pauperis* under section 1915(g).

### II. SANCTION WARNING

Sanctions may be appropriate when a *pro se* litigant has a history of filing multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (concluding that a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

As reflected here, even after accumulating three strikes, Joe has continued to file baseless lawsuits.  In 2020 alone, Joe filed four civil actions that have been dismissed as barred by the PLRA three-strikes provision.  Given his filing history and the frivolous nature of the claims asserted in this and other cases, it is clear that merely applying the three-strikes bar is no deterrent to Joe's continual filing of frivolous lawsuits.  Consequently, Joe should be warned that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions and/or bar him from filing any future lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so.  See FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).

### III.  CONCLUSION

Accordingly, insofar as Joe seeks leave to proceed *in forma pauperis*, this civil rights/mandamus action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to Joe refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of the $400.00 filing fee (which includes a $50.00 administrative fee).

In addition, Joe should be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from filing any future lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so.

**SO RECOMMENDED** on November 9, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).